IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>JOHNTAE BROWN,<br>    *Defendant* | Civil Action No. ELH-17-475 |

**MEMORANDUM**

On May 4, 2020, Johntae Brown, the self-represented defendant, filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), asserting "extraordinary and compelling reasons" in light of the COVID-19 pandemic. ECF 555 (the "Motion"). The Court directed the government to respond to the Motion on May 28, 2020. ECF 558. The next day, the government filed a response in opposition to the Motion. ECF 559.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion, without prejudice.

**I.   Background**

On October 24, 2017, a federal grand jury sitting in the District of Maryland returned a three-count superseding indictment against Johntae Brown and twelve codefendants.[1] Brown was charged in Count One with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. ECF 16. In an Information filed on April 24, 2017 (ECF 316), the government charged Brown with conspiracy to distribute 100 grams or more of heroin, as well as cocaine base and fentanyl.

---

[1] In all, sixteen defendants were charged in this case.

Brown pleaded guilty to the Information on April 24, 2018 (ECF 326), pursuant to a Plea Agreement. ECF 322. The plea was entered under Fed. R. Crim. P. 11(c)(1)(C). *Id.* ¶ 10. According to the Stipulation of Facts in the Plea Agreement, Brown participated in a drug trafficking organization in Baltimore City between January 2012 and October 2017. *Id.* ¶ 6. In furtherance of the conspiracy, Brown sold heroin to two undercover agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives. *Id.* Based on surveillance and controlled purchases, defendant agreed that the evidence would establish that he conspired to distribute over 100 grams of heroin. *Id.*

Sentencing was held on April 26, 2018. ECF 327. In accordance with the Plea Agreement, the Court sentenced Brown to 60 months' imprisonment, with credit for time served in federal custody since October 2017. ECF 328 (Judgment). That sentence corresponded to the congressionally mandated minimum sentence. *See* ECF 322, ¶ 3.

On May 4, 2020, defendant filed the Motion. ECF 555. He seeks a reduction of his sentence to time served under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 3. Defendant, who is incarcerated at FCI Danbury in Connecticut, avers that he has only three months left on his sentence. *Id.* at 2. And, he contends that the "COVID-19 pandemic is very dangerous to [him], due to lack of proper medical care, and lack of proper quarantine procedures." *Id.* According to Brown, he has a "very good support system," *id.* at 3, and he plans to get his commercial driver's license upon release and work as a truck driver. *Id.* at 4.

Additional facts are included, *infra*.

## II. Standard of Review

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United*

*States v. Jackson,* 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. Section 3582 was adopted as part of the Sentencing Reform Act of 1984. It originally permitted a court to alter a sentence only upon a motion by the Director of the BOP. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). Thus, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See*, *e.g.*, *Orlansky v. FCI Miami Warden*, 754 F. App'x 862, 866-67 (11th Cir. 2018); *Jarvis v. Stansberry*, No. 2:08CV230, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because § 3582 "vests absolute discretion" in the BOP).

However, for many years the safety valve of § 3582 languished. BOP rarely filed motions on an inmate's behalf. As a result, compassionate release was exceedingly rare. *See Hearing on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Comm'n* 66 (2016) (statement of Michael E. Horowitz, Inspector General, Dep't of Justice) (observing that, on average, only 24 inmates were granted compassionate release per year between 1984 and 2013).

In December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility," whichever occurs first.  So, once a defendant has exhausted his administrative remedies, he may petition a court directly for compassionate release.

Under § 3582(c)(1)(A), the court may modify the defendant's sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Brown must demonstrate that (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.  The defendant, as the movant, bears the burden of establishing that he is entitled to a sentence reduction under § 3582.  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

### III.   Discussion

Although Brown does not expressly reference 18 U.S.C. § 3582(c)(1)(A)(i), he invokes the FSA and identifies the COVID-19 pandemic as an "extraordinary and compelling reason" for the Court to "exercise its discretion and sentence [him] to time served."  ECF 555 at 2.  The government counters that Brown is ineligible for compassionate release because he has not exhausted his administrative remedies.  ECF 559 at 10.  Further, the government argues that Brown

has not identified a particularized reason to modify his sentence and that generalized concerns of falling ill to the coronavirus do not amount to extraordinary and compelling circumstances. *Id.* at 12.

Of import here, the Motion is silent as to any attempt by defendant to exhaust his remedies before seeking relief from this Court. Although the Fourth Circuit has not addressed the issue, judges in this district have generally found that 18 U.S.C. § 3582 is not subject to equitable waiver. *United States v. Maycock*, GLR-14-0133, 2020 WL 2395620, at *2 (D. Md. May 12, 2020); *United States v. Osagbue*, PX 19-448, 2020 WL 1939713, at *1 (D. Md. Apr. 22, 2020); *United States v. Underwood*, TDC-18-0201, 2020 WL 1820092, at *2-3 (D. Md. Apr. 10, 2020); *United States v. Johnson*, ___ F. Supp. 3d ___, 2020 WL 1663360, at *5-6 (D. Md. Apr. 3, 2020). And, those courts that have waived the exhaustion requirement have done so only where it is clear that petitioning the BOP would be an exercise in futility. *See, e.g.*, *United States v. Barringer*, PJM 13-0129, 2020 WL 2557035, at *2-3 (D. Md. May 19, 2020) (waiving exhaustion requirement because defendant was designated to one prison but had not yet been transferred and remained in the custody of the U.S. Marshal Service).

No such circumstances are apparent in Brown's case. Accordingly, because Brown has not demonstrated that he petitioned the BOP for release and that 30 days have elapsed, the Court will deny his Motion, without prejudice.

### IV.    Conclusion

For the reasons stated above, I shall deny the Motion (ECF 555), without prejudice. An Order follows, consistent with this Memorandum.

Date:   June 5th, 2020                                         /s/
                                                     Ellen Lipton Hollander
                                                     United States District Judge